NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2022[*]
Decided July 1, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2928

| | |
|---|---|
| MICHAEL J. ESTEVEZ, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 21-cv-0756-bhl |
| SCOTT LOHMAN, et al., *Defendants-Appellees.* | Brett H. Ludwig, *Judge.* |

**O R D E R**

Michael Estevez appeals the dismissal of his complaint alleging that officials at the Door County Jail in Wisconsin violated his constitutional rights while he was a

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

pretrial detainee. *See* 42 U.S.C. § 1983. The district judge dismissed his complaint for failure to state a claim. We affirm.

Estevez filed a form prisoner-rights complaint alleging violations of his Fourteenth and First Amendment rights in connection with a state-court order that limited his communications and contacts with others while he was in pretrial detention. The judge screened the complaint, 28 U.S.C. § 1915A, and dismissed it with leave to amend. The judge explained that the complaint lacked "a coherent narrative that would allow … proper notice" under Rule 8 of the Federal Rules of Civil Procedure. In providing an opportunity to amend, the judge cautioned Estevez that claims that were not common to all defendants would require different lawsuits and judges and district attorneys are generally entitled to absolute immunity.

Estevez amended his complaint to allege that two correctional officers implemented restrictions placed on him in pretrial detention, subjecting him to "severe pain and torture." He alleged that over nine months Sheriff Tammy Sternard implemented a policy that limited his mail privileges, telephone privileges, and contact with visitors and other detainees. Estevez further alleged that on one occasion he sent his attorney a letter, which Sergeant Scott Lohman opened and searched without his consent.

The judge dismissed the amended complaint for failure to state a claim. He explained that even privileged legal mail can be searched for contraband, and there was nothing unconstitutional about Sternard's implementation of a policy at the jail to inspect outgoing privileged mail for contraband. With regard to Lohman's alleged search of Estevez's privileged legal mail outside his presence, the judge concluded that a single instance of mail interference, without any injury, was not actionable. Finally, the judge said that the remainder of Estevez's allegations regarding prohibitions on making calls or having visitors were not grounded in facts sufficient to provide notice to defendants of a plausible claim.

On appeal Estevez argues that the judge erred by failing to consider whether the restrictions, enforced under the state-court order, were punitive. But this argument does not address the basis of the judge's ruling—that Estevez failed to state a claim. Liability under § 1983 requires personal involvement in the alleged constitutional deprivation, *see Colbert v. City of Chicago*, 851 F.3d 649, 657–58 (7th Cir. 2017), and the jail officials did not create the restrictions in the state-court order.

We have considered Estevez's other arguments, and none has merit.

AFFIRMED